Michael Thomas Hayes #34295
SICI    MD/4-44
P.O. Box 8509
Boise, Idaho 83707

Plaintiff pro se

**ORIGINAL**

**U.S. COURTS**

JUN 16 2017

Rcvd_____ Filed_____ Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

United States District Court
For The District Of Idaho

Michael Thomas Hayes,
        Plaintiff,

vs.

Idaho Department of Corrections,
a State entity of the State of
Idaho; Henry Atenico – Director,
Shannon Cluney – Deputy Director,
Jack Fraser – IDOC Displinary
Coordinator, D. Jissen – Office of
Professional Conduct / Administrative
Investigations, Mark Kubinski –
Deputy Attorney General for IDOC;
all of the above individually

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case no. 1:17-CV-260-REB

Prisoner Complaint

( Jury Trial
Demanded )

Hayes' Complaint        ( 1 of 37 pages )

and in their official capacities.

South Idaho Correctional Institution,
a State entity of the State of
Idaho; Chad Page - Warden,
Michael Johnson - Deputy Warden,
Richard Dickman - K9 Officer,
Baker - K9 Officer, Conent -
K9 Officer; all of the above
individually and in their official
capacities.

South Idah Correctional Institution/
Vocational Work Projects, a State
entity of the State of Idaho;
Grill - Projects Lieutenant, Auden-
Projects Sergeant, Holmquest - Projects
Officer, Keating Officer; all of the
above individually and in their
official capacities.

The Office of the Governor of
the State of Idaho, a State
entity of the State of Idaho;
Shoni Peagram - Special
Assistant For Government Services,

Hayes' Complaint      ( 2 of 37 pages )

Michael Webster - Special
Assistant For Government Services;
all of the above individually and
in their official capacities.

The Bureau of Alcohol, Tobacco,
Firearms & Explosives, a federal
government entity of the United
States; Boise Field Office -
Director and the Unknown Officers.
et. al.,

                    Defendants.

## I.  Complaint / Introduction

This is a civil action filed by Michael
Thomas Hayes, a state prisoner, for punitive
and compensory damages, to enclude an
injunction, under 42 U.S.C. § 1983 and
28 U.S.C § 1331, alleging Defendant(s) abridging
his freedom of speech and right to petition the
government for redress of grievances in violation of
the First Amendment to the United States Constitution
and the unlawful acts and actions involved with
introducing felon inmates to ammunition and its

entry into a secure correctional facility, that has inflicted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## II. Parties, Jurisdiction and Venue

1.    Plaintiff, Michael Thomas Hayes, was / is confined in the South Idaho Correctional Institution (SICI), a state correctional facility, located in Ada County in the State of Idaho, his present address is 13900 Pleasant Valley Road, Kuna Idaho 83634. And at all times pertinent hereto, Plaintiff has resided within said institution and address where he continues to reside.

2.    Plaintiff, Michael Thomas Hayes, is and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of Idaho.

3.    Defendant, Henry Antenico and any predecessor thereof, is / was at all relevant times herein, the Director of the Idaho Department of Corrections, with the responsibility of, among other

Hayes' Complaint      (4 of 37 pages)

responsibilities, the care, custody of all offenders convicted and sentenced to imprisonment in state correctional facilities, to include SICI.

4.    Defendant, Shannon Cluney, is/was at all relevant times herein, the Deputy Chief of Prisons of the Idaho Department of Corrections, with responsibility for, among other things, the operating and maintaining of the safety and security of the adult correctional facilities within the state of Idaho, to include SICI and its Correctional subdivision thereof.

5.    Defendant, Jack Fraser and any predecessor thereof, is/was at all times herein, an Administrator for the Idaho Department of Corrections as a Disciplinary Coordinator, with responsibility for, among other things, to investigate disciplinary matters including grievance issues filed within the Department of Corrections.

6.    Defendant, D. Jissen (Associate ID # 9556) and any predecessor thereof, is/was at all times herein, an Administrator for the Idaho Department of Corrections within the Office of Professional Conduct / Administrative Investigations,

with responsibility for, among other things, to investigate and take appropriate action on all formal complaints filed within the Department of Corrections regarding unethical, unprofessional and unlawful acts or actions made by the Department of Corrections or its employees.

7.    Defendant, Mark Kubinski, is/was at all times herein, the in-house Deputy Attorney General for the Idaho Department of Corrections, as their legal advisor he is responsible for, among other general responsibilities found within Counsel's Code of Professional Conduct, to advise the Idaho Department of Corrections of any/all federal and State laws, policies and/or other correctional standards in conjunction with the operating and maintaining of the safety and security of the adult correctional facilities within the state of Idaho.

8.    Defendant, Chad Page and any predecessor thereof, is/was at all times herein, an Administrator for the Idaho Department of Corrections as the Warden of the South Idaho Correctional Institution (SICI), with the responsibility for, among other things, the

Hayes' Complaint       (6 of 37 pages)

daily operating and maintaining of the safety and security of all inmates housed at SICI, and to execute its policies.

9.    Defendant, Michael Johnson, is/was at all times herein, an Administrator for the Idaho Department of Corrections as the Deputy Warden of the South Idaho Correctional Institution (SICI), with the responsibility for, among other things, as second in charge of the daily operating and maintaining of the safety and security of all inmates housed at SICI, and to execute its policy (ies).

10.    Defendant, Richard Dickman, and any predecessor thereof, is/was at all times herein, is employed by the Idaho Department of Corrections as a K9 Correctional Officer at the South Idaho Correctional Institution (SICI), with the responsibility of, among other things, to assist with institutional investigations and to supervise inmates who work outside work assignments, while maintaining the integrity of the safety and security of all inmates housed at SICI, and to execute its policies.

Hayes' Complaint        (7 of 37 pages)

11.       Defendant, _____ Baker and any predecessor thereof, is/was at all times herein, is employed by the Idaho Department of Corrections as a K9 Correctional Officer at the South Idaho Correctional Institution (SICI) with the responsibility of, among other things, to assist with institutional investigations and to supervise inmates who work outside work assignments, while maintaining the integrity of the safety and security of all inmates housed at SICI, and to execute its policies.

12.       Defendant, _____ Conent and any predecessor thereof, is/was at all times herein, is employed by the Idaho Department of Corrections as a K9 Correctional Officer at the South Idaho Correctional Institution (SICI), with the responsibility of, among other things, to assist with institutional investigations and to supervise inmates who work outside work assignments, while maintaining the integrity of the safety and security of all inmates housed at SICI, and to execute its policies.

13.       Defendant, _____ Grill and any predecessor theirof, is/was at all times herein,

Hayes' Complaint      (8 of 37 pages)

is employed by the Idaho Department of Corrections as an administrative lieutenant at the South Idaho Correctional Institution (SICI) for the correctional subdivision of IDOC / Vocational Work Projects, with the responsibility of, among other things, to oversee, secure and direct the Vocational Work Projects contracts and to provide safe and secure work assignments for inmates employed by Vocational Work Projects, while maintaining the integrity of the safety and security of all inmates housed at SICI, and to execute its policies.

14.     Defendant, _____ Audens and any predecessor thereof, is/was at all times herein, is employed by the Idaho Department of Corrections as an administrative sergeant at the South Idaho Correctional Institution (SICI) for the correctional subdivision of IDOC / Vocational Work Projects, with the responsibility of, among other things, to assist the administrative lieutenant in the oversight, security and directing of the Vocational Work Projects contracts and to provide safe and secure work assignments for inmates employed by Vocational Work Projects, while maintaining the

Hayes' Complaint     (9 of 37 pages)

integrity of the safety and security of all inmates housed at SICI, and to execute its policies.

15.    Defendant, _____ Holmquest and any predecessor thereof, is/was at all times herein, is employed by the Idaho Department of Corrections as a Correctional officer at the South Idaho Correctional Institution (SICI) for the correctional subdivision of IDOC/Vocational Work Projects, with the responsibility of, among other things, to daily provide a safe and secure work environment for those inmates employed by Vocational Work Projects, while maintaining the integrity of the safety and security of all inmates housed at SICI, and to execute its policies.

16.    Defendant, _____ Keating and any predecessor thereof, is/was at all times herein, is employed by the Idaho Department of Corrections as a Correctional officer at the South Idaho Correctional Institution (SICI) for the Correctional Subdivision of IDOC/Vocational Work Projects, with the responsibility of, among other things, to ~~and~~ daily provide a safe and secure work environment for those inmates employed by Vocational Work Projects,

Hayes' Complaint        (10 of 37 pages)

while maintaining the integrity of the safety and security of all inmates housed at SICI, and to execute its policies.

17.    Defendant, Shoni Peagram and any predecessor thereof, is/was at all times herein, is employed by the State of Idaho within the Office of the Governor as the Special Assistant For Government Services, with the responsibility of, among other things, to provide oversight management and other forms of communication on behalf of the Governor's Office to State department heads, member of boards and commissions.

18.    Defendant, Michael Webster and any predecessor thereof, is/was at all times herein, is employed by the State of Idaho within the Office of the Governor as the Special Assistant For Government Services, with the responsibility of, among other things, to provide oversight management and other forms of communication on behalf of the Governor's Office to State department heads, member of boards and commissions.

19.  Defendant, _____ -
Director and any predecessor thereof / to include
all unknown Officers or employees, that are
employed within the Boise Field Office of the
Bureau of Alcohol, Tobacco, Firearms &
Explosives; whom is responsible for, among
other things, to enforce and investigate all
vaild claims of violation(s) of federal statutes
under its jurisdiction, to include to accept,
process and investigate firearm violations within
its jurisdiction.

20.  The United States District Court of the District
of Idaho has jurisdiction over these claims
herein under 42 U.S.C. §1983.

21.  The Court has supplemental jurisdiction
over plaintiff's claims surrounding the
federal government employee's and entity's
acts / actions under Bivens v. Six Unknown
Named Agents of Fed. Bureau of Narcotics,
403 U.S. 388 (1971) and 28 U.S.C.
§1331.

## III. Summary Of Cause Of Action

22.   The Plaintiff initiates this cause of action with writing a collectively composed letter to some of the Defendants, whom are the Administrative heads of: Bureau of Alcohol, Tobacco, Firearms & Explosives / Boise Field Office; Deputy Attorney General / Idaho Department of Corrections; Special Assistant For Government Services / Office of the Governor - Butch Otter; this letter was dated August 9, 2016.

23.   Within this "letter of concern," Plaintiff asserts that as far back as the year of 2011, that he has witnessed inmates working at the South Boise Complex / Corrections Gun Range collecting both live and spent ammunition.

24.   In the above connection(s), Plaintiff asserts not only his concern of the legalities of felons/convicts handling these "forebidden items," aside from the obvious imminent dangers of ammunition entering the secured perimeters of the facility where he resides. And that there has been a number of incident reports
— filed regarding ammunition entering the

secured portion of this facility...

25.     As a result of the above August 9, 2016 concern letter, Plaintiff recieves a Memorandum, dated August 31, 2016, from the Office of the Attorney General - Corrections. Within this connection, the Plaintiff is advised that it appears that he has not exhausted this (grievance) process..., [that he] will need to follow this procedure in order for [his] complaint to be addressed.

26.     All other parties of this correspondence ignored Plaintiff's claims and concerns of the imminent dangers of ammunition entering a secured correctional facility.

27.     From on/or about August 27, 2016 to January 7, 2017, Plaintiff was housed at Treasure Valley Community Re-entry Center (TV-CRC) and did not pursue this matter.

28.     Upon Plaintiff's return from work release at TV-CRC to South Idaho Correctional Institution (SICI), he reinitiates this cause of action that results from a February 6, 2017

Institutional Employment Posting wanting twenty (20) inmates for "Range Clean Up Crew."

29.      As a result of the above mentioned "Employment Posting," Plaintiff initiates the prison grievance process that subsequently results in the responses given in Grievance # SI 170000 27.

30.      In addition to the above grievance # SI 170000027, Plaintiff mails an ammunition shell in an envelope with an attached IDOC Offender Concern Form to IDOC / Deputy Attorney General — Mark Kubinski; this was dated March 14, 2017. Plaintiff states, "We have a problem that needs addressed."

31.      To present date, inmates housed within the South Idaho Correctional Institution are still employed to work at the South Boise Complex Gun Range to pick up ammunition and/or supervise other inmates picking up ammunition, picking up the ranges trash for recycling it contents / which has live rounds there within.

32.      In conclusion, as the result of the
- Defendant's refusal to admit, ~~across the car~~

Hayes' Complaint      (15 of 37 pages)

acknowledge or investigate this Plaintiff's claims herein, ammunition continues to enter into this secured correctional facility with some regularity and with this comes imminent danger of the lives of every visitor, institutional administrator, correctional officer, and the inmate population — to include the Plaintiff.

## IV. Facts

33.     In a mailed letter dated, August 9, 2016, Plaintiff complained to the Bureau of Alcohol, Tobacco, Firearms & Explosives / Deputy Attorney General for the Idaho Department of Corrections / Director of the Idaho Department of Corrections / Special Assistant(s) For Government Services for the Office of the Governor; this letter was regarding inmates' handling of live / spent ammunition and the safety, security, policy and legal concerns associated with this matter.

34.     Aside from an August 31, 2016, Memorandum written by Kristy Jones — Paralegal from the Office of the Attorney General - Corrections on behalf of — Deputy Attorney General-Mark Kubinski;  no

Hayes' Complaint      (16 of 37 pages)

responses, answers or directives were given in reference to the above August 9, 2016 complaint.

35.    On February 8-9, 2017, Plaintiff sends IDOC offender Concern Form(s) complaining about the Job Posting, dated 2/6/17 — Hiring 20 Range Clean Up Crew, in this he asserts:

"Job posting of inmates handling of spent and/or potentially live ammunition is contrary to department policy, state/federal laws and sends a mixed message to all potential parolees being released into the community, notwithstanding potentially putting SICI offenders/staff in harms way by introducing contraband ammunition into a secured facility as done in past..."

36.    On February 13, 2017, Defendant — R. Dickman responded to the above February 9, 2017   IDOC Offender Concern Form by stating:

"..., when I addressed the potential Range Crew inmates, they were thoroughly briefed that it is a felony to introduce this contraband into the facility. As far as the gateway you mention, all off site jobs pose this potential. Thank you for

Hayes' Complaint       (17 of 37 pages)

your concerns."

37.     On March 23, 2017, Lt. Baird responded to the above February 9, 2017 IDOC Offender Concern Form by stating :

     "Thank you for your concern. This is a opportunity for inmates to work."

38     On February 28, 2017, Plaintiff files an IDOC grievance # SI 170000027 based upon the same claimed facts stated in the above (paragraphs 35 through 37) IDOC Offender Concern Forms;

     In the above way, the Plaintiff suggested that the issue(s) of this problem [to be forwarded to] " ① Michael Webster - Special Assistant for Government Services (Office of the Governor) [for] research for continuity in [the] department policy and mission statement; and, ② Mark Kubinski - Deputy Attorney General for Idaho Department of Corrections for continuity with State/Federal statute standards."

39.     On March 15, 2017, a Level - 1   Initial

Hayes' Complaint     (18 of 37 pages)

Response to the above mentioned grievance is responded to by Lt. Nicholas Baird, it states:

"The issue of having inmates pick up spent brass as a means of employment is not contradicting to IDOC policy or its mission statement. The inmates working on the range crew are supervised by staff. They have no access to live firearms and are thoroughly searched prior to reentering the facility. We take extreme measures to ensure that any live ammunition does not enter the facility."

40.    On March 24, 2017, a Level-2 Reviewing Authority Response and "Denied" Grievance Disposition was responded by Defendant — Michael Johnson, it states:

"Inmates, under direct supervision of security staff, help in collecting spent cartridges on the range. The Department works to provide many work opportunities for inmates. In this work area, to address any safety concerns, strict security measures are in place for staff to supervise and to search participating inmates to ensure that no contraband enters the facility."

Hayes' Complaint      (19 of 37 pages)

41.     On March 27, 2017, an Offender Appeal was submitted by Plaintiff, it states as follows:

"** Please note the attached IDOC concern form dated 3/14/17 to IDOC Deputy Attorney General — Mark Kubinski."
(see attached marked as "Exhibit A")

"In as much as SICI/IDOC administrators believe they are arrogantly entitled to circumnavigate the legislative intent found in the Federal Gun Control Act of 1968 and Idaho Code 18-310; there is a falsehood in this administrative belief system, as it is partly materialized in the above mention[ed] concern and the mailing of the spent ammunition shell to the Attorney General's Office."

"One should not have to wait for a tragic event for this administrative malfeasance to be further reviewed; this is a notice of my intent and filing for a judicial review of this subject."

42.     On April 13, 2017, a Level-3 Appellate Authority Response to the above mentioned
— grievance is responded to by Defendant —

Hayes' Complaint    (20 of 37 pages)

Chad Page, it states:

"I concur with the response from Lt. Baird and D.W. Johnson. The Department works to provide many work opportunities for inmates. We addressed safety concerns and strict security measures are in place for staff and to search participating inmates to ensure that no contraband enters the facility."

43.   That on Monday, April 16, 2017, at/or about 3:20 P.M., in the entry way hub in North Dorm of SICI, Defendant – Chad Page, used subtle and overt language that Plaintiff interpreted as threatening in nature, to otherwise dissuade Plaintiff ~~has~~ from pursuing the matter mentioned herein.

44.   In the above connection, on the above date and time, within the near approximenity of inmate Robert Bonnell and Lt. Nicholas Baird, and in the presence of the unit's security cameras; Defendant – Chad Page's demeanor, body language and tone of voice changes as he asserts "that if you continue to push this grievance, you may not want what

will come later with your name attached to it..."

45.    In a letter dated, April 20, 2017, Plaintiff writes a jointly composed letter to Defendant(s) — Shannon Cluney and Mark Kubinski in reference to Grievance # SI 170000027 and his (Plaintiff) request for Central Office Review / Appeal.

46.    As a result of the above, April 20, 2017, letter, Defendant - Jack Fraser composes a response letter dated May 5, 2017 and referenced as " Letter recieved re grievance # SI 170000027."

47.    Within the above letter, Defendant - Jack Fraser states:

"... I have reviewed the grievance and the process followed. It appears that all appropriate steps were taken and that the policy was followed correctly."

"I do not believe that cleaning up spent ammunition violates the restrictions on felons possing firearms..."

Hayes' Complaint      (22 of 37 pages)

48.    In an IDOC Offender Concern Form dated, April 21, 2017, addressed to IDOC Office of Professional Conduct — Administrative Investigations, Plaintiff submits a formal request for an additional Administrative Complaint & Investigation regarding the subject matters of safety and security concerns surrounding Grievance # SI 170000027.

49.    On April 25, 2017, Defendant - D. Jissen (Associate ID # 9556) responds stating:

"You have exhausted your administrative remedies regarding this issue."

50.    Between the dates of April 29, 2017 through May 22, 2017, Plaintiff has collected four (4) "Statement[s] of Affirmation" from inmates who have worked at /or around the South Boise Complex's Gun Range who have found, collected and /or handled live ammunition during the course of their employment.
(See attached hereto as "Exhibit B," (Blank) Statement of Affirmation)

51.    To present date of June 5, 2017, Petitioner has maintained notations from inmate —

Hayes' Complaint    (23 of 37 pages)

Dana Harris, that states as follows:

"On 5/27/17 from 6:30 a.m. to 2:00 p.m., I went out to work recycling crew under supervision by Officer Keating. At about 12:00 p.m. myself, Keating, and inmate Holden went to pick up trash at the gun range. I noticed 4 female P.R.C. inmates under supervision by female officer Baker, picking up shells of live rounds and/or empty shells."

"On 6/4/17, I worked recycling crew under direct supervision of Officer Keating. At 1:15 p.m. myself, Keating, and another inmate picked up 2 trash cans from the gun range. We dropped off the cans at recycling for other inmates to sort finding live rounds along with spent shells."

52.     Furthermore, in connection to the above notation dated 5/27/17, the four (4) female inmates working the Gun Range with Defendant - K9 Officer Baker; subsequently, two (2) of these four (4) females were caught bringing live rounds into the SICI/PRC institution and held accountible.

Hayes' Complaint    (24 of 37 pages)

53.   To the present date of June 5, 2017, Defendant(s) Dickman, Conent, Grill, Audens, Holmquest and Keating still either authorize and /or supervise inmates working on and /or within the boundaries of the South Boise Complex Gun Range and to handle live and spent ammunition.

## V. Summary Of Facts

54.   As a direct result of the Defendant(s) direct and indirect acts, actions and inactions mentioned in paragraphs 22 through 53, this Plaintiff has suffered from grave mental and emotional distress, that has caused physical manifestations thereof.

55.   The Defendant(s) herein, has violated Plaintiff's constitutional rights each and every day this matter remains ignored and these claims are not heard or addressed.

56.   The Defendant(s) in this matter knows, /or should reasonably know, that their actions are unlawful, unethical and place each and every public visitor, Department of Corrections Employee

and the Inmate Population in unneccessary risk of serious and/or irreperable harm each and everyday they continue to grant felon inmates access to ammunition of any kind.

57.    As a direct result of the Defendant(s) arrogant behaviors of manipulation in their efforts to circumnavigate the laws in place to keep firearms and ammunition out of the hands of dangerous persons — felons; the Defendant(s) in this matter fail within their duties to uphold the laws of the land and to protect those they must serve — to include the Plaintiff. (See attached as "Exhibit - C")

## VI. Exhaustion of Administrative Remedies

58.    The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants as outlined in paragraphs 33 through 49.

## VII. Pending or Previous Lawsuits

59.      The Plaintiff has one (1) unrelated lawsuit pending, and has previously pursued three (3) other unrelated lawsuits ; to the best of his knowledge and belief, he does not have any "strikes" against him under 28 U.S.C. § 1915 (g).

<u>Pending Cases</u> :

U.S. District Court For The District Of Idaho

Michael Thomas Hayes v. State of Idaho

Case no. 1:16-CV-00386-BLW

(Habeas Corpus)

<u>Previous Cases</u> :

(All)    U.S. District Court For The Western District of Virginia (Roanoke)

note :   These cases were all filed around the years of 2000 - 2002. Plaintiff does not remember specific styling of cases or case numbers.

Michael T. Hayes v. Ron Angelo, et. al.

Michael T. Hayes v. Virginia Parole Board, et. al (?)

Michael T. Hayes. v. Butch Simpson, et. al.

## VIII.   <u>Claims For Relief</u>

Hayes' Complaint      (27 of 37 pages)

60.    The actions of Defendant(s) Atencio, Cluney, Fraser, Jissen, Kubinski, Page, Johnson, Peagram, Webster and the Unknown Officers of the Bureau of Alcohol, Tobacco, Firearms & Explosives for their individual parts and inactions in impeding, to otherwise fustrate and checkmate Plaintiff's constitutional rights under the First Amendment to the United States Constitution in abridging the freedom of speech and petition the government for a redress of grievances.

61.    The actions of Defendant(s) Atencio, Cluney, Fraser, Jissen, Kubinski, Johnson, Dickman, Baker, Conent, Grill, Audens, Keating, Peagram, Webster, for their individual parts and actions to freely, willingly and of sound mind violate the Federal Gun Control Act of 1968 and Idaho Code § 18-310 (to include corresponding statutes), by approving of, supporting and/or directly supervising felon inmates in collecting and handling of unlawful ammunition that has also resulted in the actions of inmates bringing ammunition into a secured correctional facility.

62.    In the above connection, because of the manifestation of intent involved in relation of the

Hayes' Complaint     (28 of 37 pages)

actions of Defendant(s) Atenico, Cluney, Fraser, Jissen, Kubinski, Page, Johnson, Dickman, Baker, Conent, Grill, Audens, Keating, Peagram, Webster, their willingness to undermine federal / State gun laws and permit felon inmates the gate way to introduce live ammunition into a secured correctional facility, constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

## IX. Relief Requested

Wherefore, Plaintiff request the Court to grant the following relief:

A. Issue a declaratory judgment stating that:

1.  That the Defendant(s) acts, actions and inactions as outlined in paragraph 59, violated Plaintiff's rights under the First Amendment to the United States Constitution.

2.  That the Defendant(s) acts, action(s) and inactions as outlined in paragraphs 60 - 61,

Hayes' Complaint   (29 of 37 pages)

Violated Plaintiff's rights under the Eighth Amendment to the United States Constitution, and that they furthermore violated the Federal Gun Control Act of 1968 and Idaho Code § 18-310 (and corrasponding statutes).

B. Issue an injunction ordering Defendant(s) Atenico, Cluney, Page, Johnson and their agents:

1.    Immediately close the South Boise Complex Gun Range and issue a field memorandum prohibiting <u>all</u> Department of Corrections inmates from entering within 500 feet of the perimeter of said gun range.

2.    Upon closure of the South Boise Complex Gun Range, that a proper plan is devised to clean up area of live ammunition, that all trash and recyclable materals are disposed of in a way to prevent any inmate from handling of any ammunition and to comply with all state / federal laws.

3.   That any future gun range must be at least one (1) mile away from any secured correctional facility, and that any future gun range is

Hayes' Complaint      (30 of 37 pages)

contained within its own secured compound to prevent felon inmate worker access to any ammunition in the future.

4.   Expunge the disciplinary actions contained in all Idaho Department of Corrections employee files, within the past five (5) years, that their disciplinary actions were the result of inmates bringing contraband ammunition into a correctional facility.

5.   Expunge the disciplinary actions contained in all Idaho Department of Corrections inmate files, within the past two (2) years, that their disciplinary actions were the result of the bringing of /or the attempted to bring contraband ammunition into a correctional facility.

C.  Award compensatory damages in the following amounts:

1.   $100,000.00 jointly and severally against defendant(s) Atencio, Cluney, Fraser, Jissen, Kubinski, Page, Johnson, Dickman, Peagram, Webster and the Unknown Officers of the Bureau of Alcohol,
—  Tobacco, Firearms & Explosives; for the mental and

Hayes' Complaint     (31 of 37 pages)

emotional injuries that caused physical manifestions theirof, sustained as a result of ignoring Plaintiff's claims herein.

2.    $100,000.$^{00}$ against defendant Page for the mental and emotional abuse, and the physical manifestions that resulted in association with threatening Plaintiff for exercising his rights to pursue this cause of action.

3.    $50,000.$^{00}$ jointly and severally against defendant(s) Dickman, Baker, Conent, Grill, Audens, Keating for the mental injuries, anxiety and other injuries that resulted with the physical manifestions theirof, for their actions in directly supervising inmates handling ammunition and the entry of ammunition into a secure correctional facility.

D.   Award punitive damages in the following amounts:

1.    $30,000.$^{00}$ each, against defendant(s) Cluney, Kubinski, Page, Johnson, Dickman, Peagram, Webster and the Unknown Officers of the Bureau of Alcohol, Tobacco, Firearms & Explosives.

-2.    $10,000.$^{00}$ each, against defendant(s)

Hayes' Complaint   (32 of 37 pages)

Baker, Conent, Grill, Audens, Keating.

E.  Grant such other relief as it may appear Plaintiff is entitled.


X.  Declaration Under Penalty Of Perjury


I, Michael Thomas Hayes, declare under penalty of perjury, that I am the Plaintiff in this action, that I am. am the author of this complaint, and that the information contained in the complaint is true and correct.


Executed at SICI on June 15, 2017.

Michael T. Hayes
Plaintiff - pro se


Hayes' Complaint   (33 of 37 pages)